UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NOLBERTA DOMINGA DE PAZ DE LEON,

Petitioner,

v.

UNKNOWN PARTY et al.,

Respondents.

Case No. 1:26-cv-2642

Honorable Robert J. Jonker

**OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.)[1] For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

**Discussion**

**I. Procedural History**

In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of her current detention and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner. (Pet., ECF No. 1, PageID.7.)

[1] In addition to filing the § 2241 petition, Petitioner also filed a motion for immediate release in this action. (ECF No. 2.) As set forth in this opinion, the Court will dismiss without prejudice Petitioner's § 2241 petition and, the entry of the Court's opinion and corresponding judgment moots Petitioner's pending motion.

In an order entered on September 25, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 5.) Respondents filed a notice that 8 U.S.C. § 1231 governed Petitioner's detention, (ECF No. 6), and filed their response on October 9, 2026, (ECF No. 8.)

## II. Factual Background

Petitioner is a native and citizen of Guatemala. (2008 Form I-213, ECF No. 8-2, PageID.52.) Petitioner entered the United States on June 10, 2008 and was detained by ICE on June 16, 2008. (*Id.*) On June 16, 2008, Petitioner was served with a Notice and Order of Expedited Removal. (Notice and Order, ECF No. 8-3, PageID.55.) Petitioner was removed from the United States on July 9, 2008. (2026 Form I-213, ECF No. 8-4, PageID.59.)

In approximately 2009, Petitioner reentered the United States without inspection. (*See* Pet., ECF No. 1, PageID.6.) On September 8, 2026, Petitioner was taken into ICE custody. (*Id.*) Also on September 8, 2026, a DHS agent determined that Petitioner was subject to removal from the United States through reinstatement of the prior removal order. (2026 Notice of Decision to Reinstate Prior Order, ECF No. 8-5, PageID.63.) There is no indication in the record before the Court that Petitioner is currently scheduled for a hearing in Immigration Court.

## III. Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-

related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

**IV. Merits Discussion**

Respondents argue that Petitioner is subject to an administratively final order of removal and that she is properly detained pursuant to 8 U.S.C. § 1231. Petitioner challenges the validity of her detention. (*See* Pet., ECF No. 1, PageID.6–7.)

Under 8 U.S.C. § 1231(a)(5),

> If the Attorney General finds that an alien has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal, the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed, the alien is not eligible and may not apply for any relief under this chapter, and the alien shall be removed under the prior order at any time after the reentry.

8 U.S.C. § 1231(a)(5).

Noncitizens subject to reinstated orders of removal are governed by § 1231's detention provisions. *Johnson v. Guzman Chavez*, 594 U.S. 523, 535 (2021). "[W]hen an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). "During the removal period, the Attorney General shall detain the alien." *Id*. § 1231(a)(2)(A). "The [90-day] removal period begins on . . . [t]he date the order of removal becomes administratively final." *Id*. § 1231(a)(1)(B). "[R]einstated removal orders are 'administratively final.'" *Guzman Chavez*, 594 U.S. at 534.

After the 90-day removal period has expired, a noncitizen may continue to be detained. *See* 8 U.S.C. § 1231(a)(6). The Supreme Court has held that after expiration of the 90-day removal period, the Government may continue to detain the noncitizen "for a presumptively reasonable period" of time. *Zadvydas*, 533 U.S. at 701. To assist the lower courts in making difficult, case-

by-case judgment calls about the lawfulness of detention, the Court designated six months as a "presumptively reasonable period of detention." *Id.* at 701. Even after six months , though, the Court made clear that the detention may continue unless the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*

Under this framework, it is the petitioner's burden to come forward with evidence showing that removal is not significantly likely to occur sometime soon. *Id.* Only after the petitioner has come forward with such evidence does the burden flip to the respondents, who must then show evidence that the removal is, in fact, reasonably foreseeable. *See Abdalla v. Johnson*, No. 16-14422, 2017 WL 345731, at *4 (E.D. Mich. Jan. 24, 2017) (rejecting Petitioner's claim that detention of more than a year violated *Zadvydas* when the petitioner "provide[d] no evidence" that removal was unlikely to occur in the near future).

Here, Petitioner's order of removal became final before her removal from the United States in July 2008, and the 90-day removal period following the order expired well before Petitioner filed the present action. *See* 8 U.S.C. § 1231(a)(1)(B). Petitioner has currently been detained for less than two months, and her detention therefore falls within the six-month presumptively reasonable period of detention following a final order of removal as established by *Zadvydas*, 533 U.S. at 701.

**<u>Conclusion</u>**

For the reasons discussed above, the Court will enter a judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated: October 22, 2026

/s/ Robert J. Jonker
Robert J. Jonker
United States District Judge